ORIGINAL

# In the United States Court of Federal Claims

No. 16-1660C (Pro Se)

Filed: February 22, 2017 | Not for Publication

| | |
|---|---|
| ESTATE OF MATTHEW GRANT et al, ) | Keywords: Federal Rules of Civil Procedure; Rules of the Court of Federal Claims; Default Judgment; RCFC 55; Subject Matter Jurisdiction. |
| Plaintiff, ) | |
| v. ) | **FILED** |
| THE UNITED STATES OF AMERICA, ) | FEB 2 2 2017 |
| Defendant. ) | U.S. COURT OF FEDERAL CLAIMS |

*Gary Grant*, Halifax, NC, Plaintiff Pro Se.

*Michael A. Rodriguez*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for Defendant, with whom were *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General.

## OPINION AND ORDER

**KAPLAN, Judge.**

### I.   Plaintiffs' Motion for Default Judgment

On February 13, 2017, Plaintiffs filed a motion for default judgment. Docket No. 8. Plaintiffs allege that seven individual defendants were "served with process on December 19, 2016," and that "[u]nder the Federal Rules of Civil Procedure," each of them was required to file an answer by January 6, 2017. Pls.' Mot. for Default J. at 1. The government filed a response on February 17, 2017, in which it argued that Plaintiffs' motion is "premature," because Rule 12(a)(1)(A) of the Rules of the Court of Federal Claims (RCFC) provides sixty days for the government to file an answer to a complaint. Def.'s Resp. at 1, Docket No. 10. Additionally, the government asserts that Plaintiffs' motion is meritless because the United States is the only proper defendant in the Court of Federal Claims. Id. at 2.

The RCFC "govern the procedure in the United States Court of Federal Claims in all suits." RCFC 1; see also 28 U.S.C. § 2071 (providing that "all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business"); 28 U.S.C. § 2503 (stating that "proceedings of the Court of Federal Claims shall be in accordance with such rules of practice and procedure . . . as the Court of Federal Claims may prescribe"). Under the

RCFC, the "United States must file an answer to a complaint within 60 days after being served with the complaint." RCFC 12(a)(1)(A).[1]

Here, Plaintiffs filed their complaint on December 19, 2016. Docket No. 1. Pursuant to RCFC 4(c), the date of filing is also the date of service. Accordingly, the government's answer was originally due by February 17, 2017. See RCFC 12(a)(1)(A). Thus, Plaintiffs' motion, filed February 13, 2017, was premature, and Plaintiffs' allegation that an answer was due by January 6, 2017 is incorrect. Moreover, on February 16, 2017, the government filed a motion seeking an extension of time within which to file its answer. Docket No. 9. The Court granted that motion and the government's answer is not due until April 18, 2017. Docket No. 11. For these reasons, Plaintiffs' motion for a default judgment is **DENIED**.

## II.   Subject Matter Jurisdiction Over Individual Defendants

The Court may raise subject matter jurisdiction sua sponte at any time. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) (citation omitted); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (noting that an objection to federal court subject matter jurisdiction may be raised by a court on its own initiative at any stage in the litigation). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); see also Arbaugh, 546 U.S. at 506–07, 514 (stating that "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

The Court has no jurisdiction over claims against any defendant other than the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); Jiron v. United States, 118 Fed. Cl. 190, 198–99 (2014) ("It is well settled that the United States is the only proper defendant in the United States Court of Federal Claims." (quotation omitted)). Therefore, Plaintiffs' claims against all defendants other than the United States are **DISMISSED** for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for a default judgment is **DENIED** and Plaintiffs' claims against all defendants other than the United States are **DISMISSED** without prejudice.

---

[1] In any event, the Court notes that Fed. R. Civ. P. 12(a)(2) provides that "[t]he United States . . . must serve an answer to a complaint . . . within 60 days after service on the United States attorney."

**IT IS SO ORDERED.**


ELAINE D. KAPLAN
Judge